13-3786-cr
*United States v. Gonzalez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 7th day of November, two thousand fourteen.

Present:   ROBERT A. KATZMANN,
                     *Chief Judge*,
                 PIERRE N. LEVAL,
                 PETER W. HALL,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

                 v.                                         No. 13-3786-cr

ANTONIO GONZALEZ,

                     *Defendant-Appellant*.

_____

For Appellee:                    Micah W.J. Smith & Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY

For Defendant-Appellant:    Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Antonio Gonzalez appeals from a judgment entered October 3, 2013, by the United States District Court for the Southern District of New York (Furman, *J.*), which sentenced him primarily to concurrent terms of 120 months' imprisonment on one count of possession of child pornography and 180 months' imprisonment on one count of receipt of child pornography. He argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). In other words, substantive reasonableness occurs only if the sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). That is not this case.

The facts presented at sentencing showed that, while the defendant's offense of conviction was possession and receipt of photographs of underage girls engaged in sex acts, his crime also included his making of these photographs. The district court particularly noted that, in the process, the defendant sexually abused vulnerable girls, plying them with drugs and alcohol so as to undermine any resistance.

Gonzalez submitted a statement at sentencing that apologized to his friends and family, but made no mention of the harm he had caused to the girls whose photographs he possessed. The district court noted its concern over Gonzalez's apparent lack of remorse toward his victims, and found an "extraordinarily high" risk that he might commit similar crimes in the future. The district court reasonably found that for all these reasons the defendant was far more reprehensible than others convicted of the same offense, whose crime consisted only of possession of such images.

We have considered Gonzalez's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK